FILED
2011 Jun-22  AM 09:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY DEMITRI BROWN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No. 1:09-cv-02000-WMA-HGD |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
| et al., | ) | |
| | ) | |
| Defendants | ) | |

## **O R D E R**

The magistrate judge filed a report and recommendation on May 6, 2011, recommending that all of the plaintiff's claims against Warden Rathman, Warden Reese, Supervisor St. John, Officer Mayer, and Case Manager Terry Sumner be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2). (Doc. 46). The magistrate judge further recommended that the claims of inadequate medical care against Alejo Borrero-Hernande, excessive force against William Elston and Lt. Bowns, and the tampering with outgoing mail claim against G. Mela be referred to the undersigned magistrate judge for further proceedings. The plaintiff filed objections in which he

objects generally to everything the magistrate judge recommends and cites the court to various inapplicable cases.[1]  (Doc. 49).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections filed by the plaintiff on June 13, 2011, the court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the magistrate judge's recommendation is ACCEPTED.  It is therefore ORDERED, ADJUDGED, and DECREED that all of plaintiff's claims in this action except  the claims of inadequate medical care against Alejo Borrero-Hernande, excessive force against William Elston and Lt. Bowns, and the tampering with outgoing mail claim against G. Mela are DISMISSED pursuant to 28 U.S.C. § 1915A(b).  It is further ORDERED that the inadequate medical care, excessive force and tampering with outgoing mail claims are REFERRED to the magistrate judge for further proceedings.

The plaintiff's request that this case be transferred to another court is DENIED.

---

[1]  The court finds one claim of the plaintiff's particularly curious.  The plaintiff claims he is confined under "a regulatory statute (civil commitment)" and not for a violation of a criminal law. However, according to the docket sheet for the United States District Court for the Western Division of Louisiana, in criminal case 1:01-CR-10012-FAL-JDK-1, on January 25, 2002, a jury found the plaintiff guilty of several counts of possession with intent to distribute and distributing cocaine, in violation of the United States Criminal Code and on May 10, 2002, he was sentenced accordingly.

DONE this 22nd day of June, 2011.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE