UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

TIMOTHY DEMITRI BROWN,            )
                                  )
            Plaintiff             )
                                  )
      vs.                         )     Case No. 1:09-cv-02000-WMA-HGD
                                  )
WARDEN CONSTANCE REESE,           )
et al.,                           )
                                  )
            Defendants            )

# MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on May 10, 2012, recommending that the defendants' motion for summary judgment be granted and this cause be dismissed with prejudice. Plaintiff filed objections on May 21, 2012.

Plaintiff alleges that the recommendation of the magistrate judge does not comport with the law of this circuit and is based solely on the magistrate judge's prejudice towards the him. (Doc. 83).

Defendants responded to the order for special report by informing the court that plaintiff had failed to exhaust his administrative remedies. It was the responsibility of plaintiff to then respond with facts to show that he had exhausted the

administrative remedies available to him for each of the claims before the court, prior to filing this lawsuit.

As to all claims advanced by plaintiff in his complaint, he had available to him the multi-step procedure set forth in the Bureau of Prison's Administrative Remedy Program. *See* 28 C.F.R. § 542. The BOP regulations provide "a process through which inmates may seek formal review of an issue which relates to any aspect of their confinement if less formal procedures have not resolved the matter." 28 C.F.R. § 542.10. In accordance with the BOP's ARP, an inmate shall first attempt informal resolution of his complaint by presenting the issue informally to staff, and staff must attempt to resolve the issue. *See* 28 C.F.R. § 542.13(a). BOP regulations further provide that if the complaint cannot be resolved informally, the inmate may submit a formal written Administrative Remedy Request to the warden, on a designated form, within 20 days of the event that triggered the inmate's complaint. *See* 28 C.F.R. § 542.15(a). Further, the regulations provide that in the event the inmate's formal request is denied, the inmate may submit an appeal to the appropriate Regional Director of the BOP. *See* 28 C.F.R. § 542.15(a). Finally, the regulations provide that a negative decision from the Regional Director may in turn be appealed to the General Counsel's Office within 30 days of the date of the Regional Director's decision.

It is undisputed that plaintiff has filed numerous grievances. However, the documents provided by plaintiff in response to defendants' special report are not related to the claims asserted in the current lawsuit and were filed after the date that this suit was filed. Simply put, plaintiff has not shown that he complied with the exhaustion mandate in regard to the administrative remedy procedure. Under current law, he must do so before proceeding herein.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections filed by plaintiff, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and his recommendation is ACCEPTED. The Court EXPRESSLY FINDS that there are no genuine issues of material fact and that defendants are entitled to judgment as a matter of law. Accordingly, defendants' motion for summary judgment is due to be GRANTED and this action is due to be DISMISSED WITH PREJUDICE. A Final Judgment will be entered.

DONE this the 26th day of June, 2012.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE